UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SHARAY CARTER,

    Plaintiff,

    v.

MELISSA HARTMAN and
UNITED STATES OF AMERICA,

    Defendants.

CIVIL NO. 12-5013(NLH)(AMD)

**MEMORANDUM
OPINION & ORDER**

**Appearances**

SHARAY CARTER
1206B MT. EPHRAIM AVE
CAMDEN, NJ 08103
    Appearing *pro se*

ELIZABETH KATHRYN DEVINE
HINSHAW & CULBERTSON LLP
780 THIRD AVENUE
4TH FLOOR
NEW YORK, NY 10017
    On behalf of Melissa Hartman

KRISTIN LYNN VASSALLO
OFFICE OF THE U.S. ATTORNEY
DISTRICT OF NEW JERSEY
970 BROAD STREET
NEWARK, NJ 07102
    On behalf of the United States of America

**HILLMAN, District Judge**

    This matter having come before the Court on the motion of defendant, the United States of America, to dismiss the complaint of plaintiff, Sharay Carter[1]; and

---

[1] The United States removed plaintiff's complaint from New Jersey Superior Court to this Court pursuant to 28 U.S.C. §§ 1442(a)(1), 1446 and 2679(d).

Defendant Melissa Hartman having joined the motion to dismiss of the United States; and

Plaintiff claiming that her Direct Express debit card,[2] which provides access to an account containing her Supplemental Security Income ("SSI") benefits,[3] was stolen from her home while she was incarcerated; and

Plaintiff further claiming that the Direct Express representative, Melissa Hartman, and a Social Security Administration employee,[4] assured her that she would be refunded[5]; and

Plaintiff having filed suit against Hartman and the SSA

---

[2]The Direct Express® Debit MasterCard® is issued by Comerica Bank, pursuant to a license by MasterCard International Incorporated. Direct Express® and the Direct Express® logo are service marks of the U.S. Department of the Treasury, Financial Management Service (used with permission).
See http://www.usdirectexpress.com/edcfdtclient/help_about.jsp.

[3]Recipients of SSI and other SSA payments can receive direct deposit of electronic payments from the Department of the Treasury to a bank account or to a Direct Express card.

[4]In her complaint, plaintiff named "Cilien" as the SSA employee who represented that plaintiff would be refunded the stolen SSI benefits. The United States was substituted for that employee pursuant to 28 U.S.C. § 2679(d)(2).

[5]It should be noted that SSI payments generally are not payable for months that an individual is confined to a jail, prison, or certain other public institutions for commission of a crime. 42 U.S.C. § 1383; 20 C.F.R. § 416.1325(a); No Social Security Benefits for Prisoners Act, Pub. L. No. 11-115, 123 Stat. 3029 (2009). According to the United States, plaintiff was improperly paid during her period of incarceration, but the SSA waived those overpayments. Plaintiff currently does not owe any money for overpayments to the SSA.

2

employee, seeking damages in the amount of $3,526.00; and

Defendants having moved to dismiss plaintiff's complaint for several reasons, including her failure to exhaust administrative remedies under the Social Security Act and the Federal Tort Claims Act ("FTCA"); and

The Court finding that plaintiff's complaint must be dismissed for these reasons:

(1)  To the extent that plaintiff is challenging a decision of the SSA, plaintiff is required to exhaust her remedies with the SSA prior to filing an action appealing the decision of the SSA, and it does not appear that plaintiff has done so,[6] see 42 U.S.C. § 405(g), made applicable to Title XVI cases by 42 U.S.C. § 1383(c)(3) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."); see also 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.  No action against the United States, the Commissioner of

---

[6]Plaintiff did not file an opposition to defendant's motion to dismiss.

Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28, United States Code, to recover on any claim arising under this subchapter."); and

(2) to the extent that plaintiff is lodging a tort claim against the United States, plaintiff is required to comply with the Federal Tort Claims Act ("FTCA"), and it does not appear that she has done so, see 28 U.S.C. §§ 2675(a), 2401(b) (explaining that the FTCA waives the federal government's immunity from suit for certain tort claims as long as a claimant follows proper claim procedures, including the presentation of a claim to the appropriate federal agency within two years of the alleged negligence); McNeil v. U.S., 508 U.S. 106, 113 (1993) (recognizing that the United States waives its sovereign immunity for tort claims only if the FTCA is strictly complied with);

Consequently,

IT IS HEREBY on this ___9th___ day of ___April___, 2013

ORDERED that defendant's motion to dismiss [5] be, and the same hereby is, GRANTED; and it is further

ORDERED that the Clerk of the Court is directed to mark this matter as CLOSED.

At Camden, New Jersey

___s/ Noel L. Hillman___
NOEL L. HILLMAN, U.S.D.J.

4